UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS RAMONES, individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　- against -<br><br>NEW YORK BEACH CLUB, LTD.,<br><br>　　　　　　　　　　　　　　　　　Defendant. | Case No.: 24-cv-3739<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiff CARLOS RAMONES (the "Named Plaintiff"), by his attorneys, Leeds Brown Law, P.C., alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.　This action is brought pursuant to New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 216(b), to recover damages for delinquent wage payments made to workers who qualify as manual laborers and who were employed at any time by Defendant NEW YORK BEACH CLUB, LTD. ("Defendant") between October 8, 2017[1] and the present (the "Relevant Period") in the State of New York.

---

[1] Generally, the applicable statute of limitations for NYLL claims is six years – which means that ordinarily a complaint "looks back" exactly six (6) years from the date of filing. However, the statute of limitations period was tolled for a total of 228 days as a result of Gov. Cuomo's Executive Order Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, and 202.72. *See Brash v. Richard*, 195 A.D.3d 582 (2d Dep't June 2, 2021) (concluding that the Executive Orders constitute a tolling – as opposed to a suspension – of filing deadlines).

2. Upon information and belief, throughout the Relevant Period, Defendant has compensated all its employees on a semi-monthly (twice per month) basis, regardless of whether said employees qualified as manual laborers under the NYLL.

3. Upon information and belief, Defendant has at no time during the Relevant Period been authorized by the New York State Department of Labor Commissioner to compensate its employees who qualify as manual laborers on a semi-monthly basis, in contravention of NYLL Article 6 § 191, which requires that without explicit authorization from the Commissioner, such workers must be compensated not less frequently than on a weekly basis.

4. By willfully failing to pay employees in a timely manner in compliance with applicable state law, Defendant has also violated the FLSA's implicit "prompt payment" provision.[2]

## JURISDICTION & VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. § 201, et seq. This Court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

---

[2] "While the FLSA does not expressly set forth a requirement of prompt payment, such a requirement is clearly established by the authorities, and is codified in interpretative regulation, 29 CFR § 777.2(a), construing 29 U.S.C. §§ 206, 207, to require payment in cash or negotiable instruments payable at par, except as otherwise stated in § 3(m), 29 U.S.C. § 203(m)." *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir. 1960).

## THE PARTIES

7. Plaintiff CARLOS RAMONES is an individual who currently resides in the State of New York, and who was employed by Defendant in food service capacities at Defendant's Atlantic Beach, New York establishment from approximately July 2020 through September 2021.

8. Plaintiff typically performed physical tasks for more than of 25% of his workday, as his responsibilities included, but were not limited to, serving, bartending, arranging the dining areas, including setting up and cleaning up tables, and other physical tasks that necessitated he remain on his feet for the entirety of his shift.

9. Plaintiff was compensated twice per month, rather than weekly, by Defendant throughout the entirety of his employment. Thus, for the beginning portion of each semi-monthly pay period, Plaintiff was injured in that he was temporarily deprived of money owed to him, and he could not save, invest, earn interest on, or otherwise use these monies that were rightfully his. Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money.

10. Additionally, every time Plaintiff received late compensation for the work he performed, he was by definition being underpaid by Defendant. Every time that Defendant failed to pay Plaintiff and other employees who worked in manual labor positions their wages earned within seven days of the end of their workweeks, Defendant deprived the employees of the use of money that belonged to them. As a result, Plaintiff and putative class and collective members were unable to do those things that every person does with their money, such as paying bills or buying goods that they needed and/or wanted to buy.

11. By retaining these wages earned beyond the legally permitted timeframe set by NYLL § 191, Defendant benefitted from the time value of the money at issue, and the free use of

such funds, at the expense of Plaintiff and putative class and collective members. For example, during the time such monies were wrongfully being withheld, Defendant was free to utilize those funds to purchase goods and services, as well as save, invest, or earn interest on them.

12. Upon information and belief, Defendant NEW YORK BEACH CLUB, LTD. is a business corporation organized under the laws of the State of New York, with a principal place of business located in Atlantic Beach, New York.

## CLASS & COLLECTIVE ALLEGATIONS

13. This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure, and as a collective action pursuant to FLSA, 29 U.S.C. § 216(b).

14. This action is brought on behalf of the Named Plaintiff and a class and collective consisting of similarly situated employees who performed work for Defendant in positions that required they perform physical tasks for more than 25% of their respective workdays.

15. The putative class and collective is so numerous that joinder of all members is impracticable. The size of the putative class and collective is believed to be in excess of hundreds of employees. In addition, the names of all potential members of the putative class and collective are not known.

16. The questions of law and fact common to the putative class and collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

    a)    whether Defendant compensated its employees on a semi-monthly basis;

    b)    whether Defendant was lawfully permitted to compensate its employees on a semi-monthly basis;

    c)    whether Defendant's conduct constitutes a violation of NYLL § 191; and,

      d)    whether Defendant's conduct constitutes a violation of the FLSA's prompt pay requirement.

17. The claims of the Named Plaintiff are typical of the claims of the putative class and collective. The Named Plaintiff and putative class and collective members were all subject to Defendant's policies and willful practices of failing to compensate employees in compliance with applicable law.

18. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class and collective.

19. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

20. A class and collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class and collective members lack the financial resources to adequately prosecute separate lawsuits against Defendant.

21. A class and collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT:**
**FAILURE TO PAY TIMELY WAGES UNDER THE NYLL**

22. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

23. The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendant and protect the Named Plaintiff and members of the putative class.

24. Defendant failed to pay the Named Plaintiff and members of the putative class on a timely basis as required by NYLL § 191(1)(a).

25. By the foregoing reasons, Defendant violated NYLL § 191(1)(a), and as such is liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANT:**
**FAILURE TO PAY TIMELY WAGES UNDER THE FLSA**

26. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

27. "Although the FLSA does not explicitly require that wages be paid on time, the courts have long interpreted the statute to include a prompt payment requirement." *See Rogers v. City of Troy*, 148 F.3d 52, 55 (2d Cir. 1998) (citing *United States v. Klinghoffer Bros. Realty Corp.*, 285 F2d 487 (2d Cir. 1960).

28. As explained in *Rogers*, 148 F.3d at 56, subsequent to the Supreme Court's decision in *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945), courts have interpreted the holding "to mean that 'the FLSA requires the employer to pay on time.'" *Calderon v. Witvoet*, 999 F.2d 1101, 1107 (7th Cir. 1993).

29. Here, where Defendant has clearly failed to pay its manual workers "on time" in accordance with governing state law, logically it follows that Defendant has also violated the prompt payment requirement of the FLSA.

30. By the foregoing reasons, Defendant has violated 29 U.S.C. § 206, and as such is liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of others similarly situated, seeks the following relief:

(1) on the first cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(2) on the second cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(3) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
       May 23, 2024

**LEEDS BROWN LAW, P.C.**

_____
Brett R. Cohen
Jeffrey K. Brown
Michael A. Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiff and Putative Class & Collective*